United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael A. Robinson and others, Plaintiffs, <br><br> v. <br><br> True Value Food Stores, Inc. and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 21-22847-Civ-Scola <br> ) <br> ) <br> ) |

## Order on Motion to Dismiss

This matter is before the Court on the Defendants' motion to dismiss. (ECF No. 34.) The Plaintiffs opposed the motion (ECF No. 35), and the Defendants filed a reply in support of the motion (ECF No. 38). The Court notes that the Defendants' reply was filed after the applicable deadline, and the Defendants filed a motion for extension of time and to deem the reply timely filed. (ECF No. 39.) After review of the briefing and the relevant legal authorities, the Court **grants** the Defendants' motion for extension of time and deems the reply timely filed (**ECF No. 39**), and the Court **denies** the Defendants' motion to dismiss (**ECF No. 34**).

### 1. Background

The Plaintiffs, in an at-times illegible and typo-strewn complaint, allege that the Individual Defendants Ghada Almasarweh, Ibrahim Almasarweh, and Rasheed Almasarweh, as well as the entity True Value Food Stores, Inc., have engaged in the sale of counterfeit and trademark-infringing products. (ECF No. 1 at ¶¶ 4–6.) In particular, the Plaintiff Michael Robinson owns trademarks in certain "Grabba"-related marks (the "Marks"). (*Id.* at ¶ 3.) The Defendants have not been authorized or licensed to use, reproduce, make, sell, or distribute counterfeits, reproductions, or colorable imitations of the Marks. (*Id.* at ¶ 11.) The Plaintiffs allege that the Defendants have sold, at True Value Food Stores, 21285 NW 37th Avenue, Miami Gardens, FL 33056, cigar wraps that are counterfeits and infringements of Grabba-branded cigar wraps. (*Id.* at ¶¶ 11–12.) The Plaintiffs allege that the Defendants and their single convenience store have made "substantial profits" through these activities and, by their actions alone, have caused up to a 40% reduction in the Plaintiffs' sales. (*Id.* at ¶ 38.)

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## 3. Analysis

The Defendants seek to dismiss the complaint solely on the grounds that the Plaintiffs' complaint is a "shotgun pleading." (ECF No. 34 at 1.) The Defendants argue that the Plaintiffs impermissibly "lump" the Defendants together in their factual allegations and improperly incorporate by reference allegations in each count of the complaint. (*Id.*)

A "shotgun pleading" is a complaint that is "calculated to confuse" and fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015). The Eleventh Circuit has held that "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is improper. *Id.* at 1323. Moreover, the Eleventh Circuit has noted that complaints that merely incorporate by reference factual allegations into each count "imposes a heavy burden" and forces the court to "sift each count for the allegations that pertain to the cause of action purportedly stated[.]" *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

However, the Court finds that the complaint is not an impermissible shotgun pleading. While the Plaintiffs largely lump the Defendants together in their factual allegations, that is because the Defendants, as alleged, are related and took certain actions together. (ECF No. 1 at ¶¶ 4–6); *see In re Zantac (Ranitidine) Prods. Liab. Litig.*, 20-MD-2924, 2021 WL 2682659, at *23 (S.D. Fla. June 30, 2021) (Rosenberg, J.) (holding that alleging counts against related defendants did not impermissibly lump defendants together). If, as the Defendants press, that is not factually accurate and some Defendants did not participate in the alleged activity, that is a factual dispute that cannot be resolved on a motion to dismiss.

Moreover, while the complaint incorporates by reference general factual allegations into each count, that alone does not constitute cause to label a complaint a shotgun pleading. While a complaint that does so can be a shotgun pleading, the hallmark is whether the complaint gives the defendants notice of the claims against them. *See Weiland*, 792 F.3d at 1320–23; *see also Aknin v. Experian Info. Sols., Inc.*, No. 17-22341-Civ, 2017 WL 4410815, at *2 (S.D. Fla. Oct. 3, 2017) (Scola, J.) (denying a motion to dismiss as while the plaintiff's causes of action each incorporated by reference all preceding paragraphs of the complaint, the complaint gave adequate notice of the claims against each defendant). Here, each count is brought under the Lanham Act and relates to the same factual allegations, and the factual allegations are fairly straightforward. Therefore, the Plaintiffs' incorporation by reference of factual allegations into each count does not render the complaint impermissibly confusing or fail to give the Defendants adequate notice of the claims against them.

### 4. Conclusion

For the reasons set out above, the Court **grants** the Defendants' motion for extension of time (**ECF No. 39**) and **denies** the Defendants' motion to

dismiss. (**ECF No. 34**.) The Court previously continued the hearing on the Plaintiffs' temporary restraining order and preliminary injunction pending resolution of this motion to dismiss. This hearing has been continued for over two months, based on the parties' representations that they were working on limited discovery and towards a resolution of this case. The Court **resets** the **hearing** on the Plaintiffs' motion (**ECF No. 16**) to **January 6, 2022 at 10:00 a.m**.

**Done and ordered**, in chambers, in Miami, Florida, on December 14, 2021.

Robert N. Scola, Jr.
United States District Judge